# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**KEIARA LITECIA BRIDGES**                                    **PLAINTIFF**

**VS.**                                        **CAUSE NO.** 1:22CV144-GHD-DAS

**PECO FOODS, INC.**                                          **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for discrimination based upon gender. The following facts support the action:

1.

Plaintiff KEIARA LITECIA BRIDGES is an adult resident citizen of 613 Sycamore Street, Columbus, Mississippi 39702.

2.

Defendant PECO FOODS, INC. is an Alabama corporation, doing business in the State of Mississippi. Defendant may be served with process through its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. Defendant is an employer within the meaning of the Civil Rights Act of 1964.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, to redress a claim arising under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000, *et. seq.*, as amended by the Civil Rights Act of 1991.

4.

Plaintiff was employed by Defendant since March 1, 2021. Plaintiff had no writeups, was a steady and good worker, and was promoted to the position of Team Lead, where she earned a salary of $18.00 per hour.

5.

There were never any issues with Plaintiff's employment until May 4, 2022. At that time, Plaintiff saw product stacking up, presenting what Plaintiff believed to be a hazardous situation. Plaintiff, therefore, started to touch the emergency stop button. At this time, a male coworker in Maintenance put his hand on Plaintiff's shoulder, ordering her not to touch the button. Plaintiff believed the coworker was being aggressive toward her, and pushed him in order to get him away from her. Plaintiff then complained to her manager about the male coworker.

6.

Subsequently, Defendant interviewed a witness, Latosha Spriggins, and claimed that the witness had told Defendant that Plaintiff was the aggressor and fired Plaintiff. Plaintiff has talked to Spriggins, who informed Plaintiff that she never gave any statement adverse to Plaintiff, that she had not given any written statement at all, and that she had observed the male coworker making the physical contact.

7.

Defendant discharged Plaintiff, but did not charge the male coworker.

8.

In fact, neither Plaintiff nor the male coworker had been guilty of any misconduct. It was merely a disagreement at work, which resulted in the male coworker's touching Plaintiff on Plaintiff's shoulder and the Plaintiff pushing the male employee to get him away from her. Except for sex discrimination, there is not a reasonable explanation for Plaintiff's discharge.

9.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

10.

Accordingly, Defendant is liable to Plaintiff for sex discrimination in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

11.

Plaintiff has suffered substantial lost income. Plaintiff was formerly making $18.00. Plaintiff obtained employment approximately one month after her termination, and at her new employment is earning only $10.00. Defendant's actions have also caused Plaintiff mental anxiety and stress.

### REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 3rd day of October, 2022.

                              KEIARA LITECIA BRIDGES, Plaintiff

By:   */s/ Jim Waide*
       Jim Waide, MS Bar No. 6857
       Ron L. Woodruff, MS Bar No. 100391
       waide@waidelaw.com
       WAIDE & ASSOCIATES, P.A.
       332 North Spring Street
       Tupelo, MS 38804-3955
       Post Office Box 1357
       Tupelo, MS 38802-1357
       (662) 842-7324 / Telephone
       (662) 842-8056 / Facsimile

       ATTORNEY FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF _Lee_

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named KEIARA LITECIA BRIDGES, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
KEIARA LITECIA BRIDGES

GIVEN under my hand and official seal of office on this the _18th_ day of _Aug._, 2022.

_____
NOTARY PUBLIC

My Commission Expires: _April 4, 2023_

(SEAL)
STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2023
LEE COUNTY